**Bonnie Allen-Sailer,** OSB #145178
bonnie@nwjp.org
**Corinna Spencer-Scheurich,** OSB #130147
corinna@nwjp.org
Northwest Workers' Justice Project
310 SW 4th Ave, Ste 320
Portland, OR  97204
Telephone: (503) 525-8454
Facsimile: (503) 946-3029

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| **Jose Fernando Quijano, Duval Quintero, Henrri Vasquez, Marlon Sedano, Alma Alvarez, Diego Gonzalez, Hermelo Sanchez, Wilfrido Sanchez, Pedro Pacheco, Flaviano Osorio, Jose Armando Martinez, Daniel Sebastian, Antonio Sebastian, Samuel Sebastian,** and **Leonel Gonzalez,** individuals, <br><br> Plaintiffs, <br><br> v. <br><br> **Colt Jamison Hansen**, an individual, **Hansen Brand LLC**, a domestic company, and **Westcoast Growers, LLC**, a domestic company, <br><br> Defendants. | Civil No.: 1:23-cv-1706 <br><br> COMPLAINT <br><br> Fair Labor Standards Act (29 U.S.C. §§ 201 *et seq*.); Oregon Wage and Hour Laws (O.R.S. Chapters 652 and 653) <br><br> DEMAND FOR JURY TRIAL |

## I. INTRODUCTION

1.      Plaintiffs Jose Fernando Quijano, Duval Quintero, Henrri Vasquez, Marlon

Sedano, Alma Alvarez, Diego Gonzalez, Hermelo Sanchez, Wilfrido Sanchez, Pedro Pacheco,

Flaviano Osorio, Jose Armando Martinez, Daniel Sebastian, Antonio Sebastian, Samuel

Sebastian, and Leonel Gonzalez bring this action against Defendants Colt Jamison Hansen,

Hansen Brand LLC, and Westcoast Growers LLC, under the Fair Labor Standards Act (29

U.S.C. §§ 201 *et seq*., "FLSA") to collect unpaid wages. Plaintiffs seek minimum and overtime wages due to him under 29 U.S.C. §§ 206, 207, and 216(b), and liquidated damages for the failure to pay wages under 29 U.S.C. § 216(b).

2.      Plaintiffs further allege unpaid wages, minimum wage violations, and penalty damages under Oregon wage and hour laws O.R.S. §§ 652.140, 652.150, 652.200, 653.025, and 653.055.

## II. JURISDICTION

3.      Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*.; 28 U.S.C. § 1331, as this action arises under the laws of the United States; and 28 U.S.C. § 1337, as it arises under acts of Congress regulating commerce.

4.      Pursuant to 28 U.S.C. § 1367, this Court has supplemental jurisdiction of the claims based on Oregon law, as they are so related to claims within the Court's original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b)(1), being the judicial district in which all of the events of this litigation arise and Defendant resides.

## III. PARTIES

6.      Plaintiffs Jose Fernando Quijano, Duval Quintero, Henrri Vasquez, Marlon Sedano, Alma Alvarez, Diego Gonzalez, Hermelo Sanchez, Wilfrido Sanchez, Pedro Pacheco, Flaviano Osorio, Jose Armando Martinez, Daniel Sebastian, Antonio Sebastian, Samuel Sebastian, and Leonel Gonzalez are natural persons who at all material times lived and worked in Oregon.

7.      At all times relevant to this action, Defendant Colt Jamison Hansen was an individual and resident of Oregon.

8.      Defendant Hansen Brand LLC was an Oregon limited liability company with a principal place of business at 700 Merlin Rd, Grants Pass, Oregon. It was organized in January 2017 and administratively dissolved in March 2019. Defendant Hansen Brand was owned and operated by Defendant Colt Hansen.

9.      Defendant Westcoast Growers LLC was an Oregon limited liability company with a principal place of business at 700 Merlin Rd, Grants Pass, Oregon. It was organized in April 2018 and administratively dissolved in September 2021. Defendant Westcoast Growers was owned and operated by Defendant Colt Hansen.

## IV. FACTS

10.      At all relevant times, Defendants operated an agricultural products processing business located at 700 Merlin Rd in Grants Pass, Oregon, in Josephine County.

11.      Defendants employed Plaintiffs to provide labor for its business, including cleaning, processing, drying, and packaging agricultural products to prepare them for market.

12.      Defendants advertised their services processing and drying agricultural products to growers and other businesses.

13.      The products Plaintiffs were responsible for processing were not grown by Defendants onsite and some or all of it was not grown by Defendants at all.

14.      During the course of Plaintiffs' employment for Defendants, Defendants and their agents supervised and assigned tasks to Plaintiffs and otherwise exercised control over Plaintiffs' work.

15.      During the course of Plaintiffs' employment for Defendants, Defendants and their

agents determined the rate and method of paying Plaintiffs and otherwise controlled Plaintiffs' employment conditions.

16.     During each workweek during the course of Plaintiffs' employment for Defendants, Plaintiff was engaged in interstate commerce or in the production of goods for interstate commerce or was employed by an enterprise engaged in interstate commerce.

17.     During the course of Plaintiffs' employment for Defendants, Defendant Hansen and other supervisors wore sweatshirts with "Westcoast Growers" branding.

18.     Defendants hired Plaintiffs Jose Fernando Quijano, Duval Quintero, Henrri Vasquez, and Marlon Sedano on or around November 17, 2020.

19.     Defendants promised Plaintiffs Quijano, Quintero, Vasquez, and Sedano $15 per hour for their work. On or around December 28, 2020, Defendants increased their pay to $17 per hour.

20.     Plaintiff Quijano worked for Defendants from on or around November 17, 2020, until on or around February 10, 2021.

21.     Plaintiff Quijano worked approximately 159 hours for Defendants, including approximately 56.3 hours of overtime from November 17, 2020, to December 1, 2020. For this work, he received approximately $2,385.25 in pay.

22.     Plaintiff Quijano worked approximately 288.9 hours for Defendants, including approximately 90.6 hours of overtime from December 28, 2020, to February 10, 2021. For this work, he received no pay.

23.     Plaintiff Quintero worked for Defendants from on or around November 17, 2020, until on or around February 9, 2021.

24.     Plaintiff Quintero worked approximately 159 hours for Defendants, including

approximately 56.3 hours of overtime from November 17, 2020, to December 1, 2020. For this work, he received approximately $2,385.25 in pay.

25.     Plaintiff Quintero worked approximately 291.8 hours for Defendants, including approximately 99.2 hours of overtime from December 28, 2020, to February 9, 2021. For this work, he received approximately $672 in pay.

26.     Plaintiff Quintero received some of his pay in the form of a check from Defendant Hansen Brand LLC.

27.     Plaintiff Vasquez worked for Defendants from on or around November 17, 2020, until on or around February 10, 2021.

28.     Plaintiff Vasquez worked approximately 159 hours for Defendants, including approximately 56.3 hours of overtime from November 17, 2020, to December 1, 2020. For this work, he received approximately $2,385.25 in pay.

29.     Plaintiff Vasquez worked approximately 284.8 hours for Defendants, including approximately 75.8 hours of overtime from December 28, 2020, to February 10, 2021. For this work, he received approximately $671.50 in pay.

30.     Plaintiff Sedano worked for Defendants from on or around November 17, 2020, until on or around January 21, 2021.

31.     Plaintiff Sedano worked approximately 159 hours for Defendants, including approximately 56.3 hours of overtime from November 17, 2020, to December 1, 2020. For this work, he received approximately $2,385.25 in pay.

32.     Plaintiff Sedano worked approximately 151.5 hours for Defendants, including approximately 13 hours of overtime from December 28, 2020, to January 21, 2021. For this work, he received approximately $671.50 in pay.

33.     Defendants hired Plaintiffs Alma Alvarez and Diego Gonzalez on or around January 5, 2021.

34.     Defendants promised Plaintiffs Alvarez and Diego Gonzalez $17 per hour for their work.

35.     Plaintiff Alvarez worked for Defendants from on or around January 5, 2021, until on or around February 4, 2021.

36.     Plaintiff Alvarez worked approximately 155 hours for Defendants, including approximately 5.5 hours of overtime. For this work, she received approximately $600 in pay.

37.     Plaintiff Diego Gonzalez worked for Defendants from on or around January 5, 2021, until on or around February 4, 2021.

38.     Plaintiff Diego Gonzalez worked approximately 155 hours for Defendants, including approximately 5.5 hours of overtime. For this work, he received no pay.

39.     Defendants hired Plaintiffs Hermelo Sanchez and Wilfrido Sanchez on or around January 7, 2021.

40.     Defendants promised Plaintiffs Hermelo Sanchez and Wilfrido Sanchez $18 per hour for their work.

41.     Plaintiffs Hermelo Sanchez and Wilfrido Sanchez each worked for Defendants from on or around January 7, 2021, until on or around February 10, 2021.

42.     Plaintiffs Hermelo Sanchez and Wilfrido Sanchez each worked approximately 299.5 hours for Defendants, including approximately 87 hours of overtime. For this work, they received no pay.

43.     Defendants hired Plaintiffs Pedro Pacheco, Flaviano Osorio, and Jose Armando Martinez on or around January 8, 2021.

44.     Defendants promised Plaintiffs Pacheco, Osorio, and Martinez $18 per hour for their work.

45.     Plaintiff Pacheco worked for Defendants from on or around January 8, 2021, until on or around February 10, 2021.

46.     Plaintiff Pacheco worked approximately 264 hours for Defendants, including approximately 54 hours of overtime. For this work, he received no pay.

47.     Plaintiffs Osorio and Martinez each worked for Defendants from on or around January 8, 2021, until on or around January 16, 2021.

48.     Plaintiffs Osorio and Martinez each worked approximately 94.5 hours for Defendants, including approximately 30.5 hours of overtime. For this work, they received no pay.

49.     Defendants hired Plaintiffs Antonio Sebastian, Daniel Sebastian, Samuel Sebastian, and Leonel Gonzalez on or around January 12, 2021.

50.     Defendants promised Plaintiffs Antonio Sebastian, Daniel Sebastian, Samuel Sebastian, and Leonel Gonzalez $18 per hour for their work.

51.     Plaintiffs Antonio Sebastian, Daniel Sebastian, Samuel Sebastian, and Leonel Gonzalez each worked for Defendants from on or around January 12, 2021, until on or around January 14, 2021.

52.     Plaintiffs Antonio Sebastian, Daniel Sebastian, Samuel Sebastian, and Leonel Gonzalez each worked approximately 37.5 hours for Defendants. For this work, they received no pay.

53.     Except for Plaintiffs Antonio Sebastian, Daniel Sebastian, Samuel Sebastian, and Leonel Gonzalez, Plaintiffs regularly worked in excess of 40 hours per week for Defendants.

54.     Plaintiffs typically worked six or seven days each week for Defendant.

55.     Plaintiffs typically started working between 6 and 7 a.m. Plaintiffs typically worked between 10 and 13 hours per day.

56.     Plaintiffs only sometimes received meal or rest breaks.

57.     The work was completed in Josephine County. Plaintiffs were thus entitled to receive at least $12 per hour pursuant to Oregon minimum wage law and $7.25 per hour pursuant to federal minimum wage law.

58.     Defendants paid Plaintiffs less than the federal and Oregon minimum wage for hours worked for Defendant.

59.     Defendants failed to compensate Plaintiffs at a rate of time and one half for every hour worked over 40.

60.     Plaintiffs made a number of attempts to contact Defendants to request their wages. Plaintiffs communicated with Defendants verbally in person, through text message, and by phone with the assistance of a community advocate to demand their wages.

61.     Defendants responded by making non-credible excuses, like saying the dog ate the checkbook, mocking Plaintiffs, and ultimately threatening Plaintiffs about what would happen if they went to authorities for help. Some Plaintiffs were threatened with a weapon when they asked for what they were owed.

62.     Defendants knew they were required by law to pay Plaintiffs and did not do so.

63.     Defendants' failure to pay minimum wage and overtime was willful.

64.     Defendants did not pay Plaintiffs their wages promptly upon termination.

65.     Defendants' nonpayment of wages upon termination was willful.

66.     To date, Defendants have failed to pay Plaintiffs all their wages.

## V. CLAIMS FOR RELIEF

### (First Claim—Violation of FLSA)

67.    Defendants violated 29 U.S.C. § 206 when they failed to pay Plaintiffs the minimum wage rate for all the hours worked.

68.    Defendants violated 29 U.S.C. § 207 when they failed to pay Plaintiffs overtime wages for work performed for Defendants in excess of forty hours per work week.

69.    Pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to recover unpaid minimum wages and overtime wages, equal amounts as liquidated damages, and attorney fees and costs.

### (Second Claim – Violation of Oregon Minimum Wage Laws)

70.    Defendant failed to pay Plaintiffs at the Oregon minimum hourly rate for all hours worked in violation of O.R.S. § 653.025.

71.    Plaintiffs are entitled, under O.R.S. § 653.055, to recover the unpaid wages, penalty damages in an amount equal to 240 times their hourly wage rate, and reasonable attorney fees and costs for the non-payment of minimum and overtime wages.

### (Third Claim – Violation of Oregon Timely Payment of Wages Law)

72.    Defendants failed to pay Plaintiffs all of their wages when due upon termination of their employment within the time specified in O.R.S. § 652.140.

73.    Plaintiffs are entitled to recover their unpaid wages, penalty damages in an amount equal to 240 times their hourly wage rate pursuant to O.R.S. § 652.150, plus reasonable attorney fees and costs, for the failure to pay Plaintiffs' wages upon termination.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that the Court grant the following relief:

1.      Award Plaintiffs their unpaid minimum and overtime wages pursuant to 29 U.S.C.
§ 206 and § 207 and liquidated damages pursuant to 29 U.S.C. § 216(b);

2.      Award Plaintiffs their unpaid minimum wages pursuant to Oregon minimum
wage laws, O.R.S. § 653.025;

3.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' final hourly
wages pursuant to O.R.S. § 653.055, for unpaid minimum wages;

4.      Award Plaintiffs their unpaid wages pursuant to Oregon prompt payment of wage
laws, O.R.S. § 652.140;

4.      Award Plaintiffs penalty wages in the amount of 240 times Plaintiffs' final hourly
wages pursuant to O.R.S. § 652.150, for failure to pay wages timely;

5.      Find that Plaintiffs are the prevailing party and award Plaintiffs reasonable
attorney fees and costs under 29 U.S.C. § 216(b), and O.R.S. §§ 652.200 and 653.055;

6.      Award Plaintiffs pre-judgment interest on sums due under state law claims and
post-judgment interest on all claims; and

7.      Award Plaintiffs such other relief as this Court deems just and proper.


Respectfully submitted this 17th day of November, 2023.


                                        s/ Bonnie Allen-Sailer_____
                                        **Bonnie Allen-Sailer**
                                        OSB 145178
                                        bonnie@nwjp.org
                                        (503) 525-8454

                                        Of Attorneys for Plaintiffs